**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacqueline Rodriguez,<br><br>   Plaintiff,<br><br>v.<br><br>Whole Foods Market Incorporated,<br><br>   Defendant. | No. CV-18-08301-PCT-SMB<br><br>**ORDER** |

Pending before the Court is Defendant Whole Foods Market Incorporated's Motion to Dismiss. (Doc. 17, "Mot."). Plaintiff Jacqueline Rodriguez filed an opposition. (Docs. 22, 24, "Resp."), and Defendant filed a Reply, (Doc. 26, "Reply"). Also pending before the Court is Plaintiff's Motion for Joinder of Parties, (Doc. 23), to which Defendant filed a Response, (Doc. 27).

For the reasons below, the Court will grant Defendant's Motion, (Doc. 17), and grant in part and deny in part Plaintiff's Motion, (Doc. 23).

**I.   BACKGROUND**

On October 23, 2018, Plaintiff Jacqueline Rodriguez filed a complaint alleging six counts against Defendant Whole Foods Market, Inc. ("WFMI") (Doc. 1, "Complaint"). The allegations in Plaintiff's complaint involve a Whole Foods store in Flagstaff, Arizona (the "Store"). Plaintiff alleges that Defendant WFMI is liable for her claims involving the Store. The allegations include "Negligent Infliction of Emotional Distress, False Advertising, Strict Liability, Breach of Warranty, Food Fraud, and Misrepresentation."

(Complaint). Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

WFMI filed the instant Motion to Dismiss, requesting dismissal because WFMI is not a proper party and because the Court lacks personal jurisdiction. Defendant also requests to dismiss Plaintiff's counts of "false advertising" and "food fraud" pursuant to Rule 12(b)(6). Plaintiff then filed a motion requesting permission to join two additional parties—Mrs. Gooch's Natural Food Markets Inc. ("Mrs. Gooch's") and Whole Foods Market Services Inc. ("WFM Services"). (Doc. 23).

## II. MOTION TO DISMISS

### A. Legal Standard

Although the Defendant's motion invokes both Rules 12(b)(2) and 12(b)(6), the Court need not reach the Rule 12(b)(6) arguments because the Defendant's Rule 12(b)(2) jurisdictional argument is dispositive. *See McGeachy v. Pinto Valley Mining Corp.*, No. 2:16-cv-03348 JWS, 2017 WL 3130639, at *2 (D. Ariz. July 24, 2017) ("Although the [defendants'] motion invokes both Rule 12(b)(2) and (b)(6), the court need not reach the Rule 12(b)(6) argument because the [defendants'] Rule 12(b)(2) jurisdictional argument is dispositive.").

A motion to dismiss for lack of personal jurisdiction may be brought pursuant to Rule 12(b)(2). Fed. R. Civ. P. 12(b)(2). Plaintiffs bear the burden of establishing personal jurisdiction. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). "In resolving a Rule 12(b)(2) motion, the court may consider evidence outside the pleadings, including affidavits and other materials submitted on the motion." *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1135 (S.D. Cal. 2016) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 123 (2014)). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). In determining whether the plaintiff has met this burden, uncontroverted allegations in the plaintiff's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case

for personal jurisdiction exists." *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

"Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). Arizona exerts personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a); *see also A. Uberti and C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995). Therefore, the analyses of personal jurisdiction under Arizona law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

Under the Due Process Clause, "[a]lthough a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citations and internal quotation marks omitted). A court may assert general or specific jurisdiction over the nonresident defendant. *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997). General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, whereas specific jurisdiction exists when the controversy arises from or is related to the defendant's contact with the forum state. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984).

An alter ego theory may be considered in a personal jurisdiction analysis. "The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015). "The alter ego test is designed to determine whether the parent and subsidiary are 'not really separate entities,' such that one entity's contacts with the forum state can be fairly attributed to the other." *Id.* at 1071 (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001)). "In narrow circumstances federal courts will find that a corporation is the alter ego of another by

piercing the corporate veil and attributing a subsidiary's contacts with the forum state to its parent company for jurisdictional purposes." *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 983 (N.D. Cal. 2016) (citations, alterations, and internal quotation marks omitted); *see also Ranza*, 793 F.3d at 1071 ("[T]he veil separating affiliated corporations may also be pierced to exercise personal jurisdiction over a foreign defendant in certain limited circumstances."). "To allow a court to impute a subsidiary corporation's contacts with a forum to the parent, the plaintiff must make a prima facie showing that the 'parent and subsidiary are not really separate entities . . . ." *Monje v. Spin Master Inc.*, No. CV-09-1713-PHX-GMS, 2013 WL 2390625, at *4 (D. Ariz. May 30, 2013) (quoting *Unocal Corp.*, 248 F.3d at 926). In a diversity case, such as this one, state law is applied to determine whether a parent company should be treated as the alter ego of a subsidiary for jurisdictional purposes. *See Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217, 1227 (9th Cir. 2005) (noting that in diversity actions, federal courts must apply state law when evaluating alter ego status).

Under Arizona law, "corporate status will not be lightly disregarded." *Chapman v. Field*, 602 P.2d 481, 483 (Ariz. 1979). "The alter-ego status is said to exist when there is such unity of interest and ownership that the separate personalities of the corporation and owners cease to exist." *Dietel v. Day*, 492 P.2d 455, 457 (Ariz. Ct. App. 1972). A plaintiff "must prove both (1) unity of control and (2) that observance of the corporate form would sanction a fraud or promote injustice." *Gatecliff v. Great Republic Life Ins. Co.*, 821 P.2d 725, 728 (1991) (citing *Dietel*, 492 P.2d at 457). Unity of control occurs when a parent exerts "substantially total control over the management and activities" of its subsidiary. *Id.* "Substantially total control" can be shown by, among other things: "stock ownership by the parent; common officers or directors; financing of subsidiary by the parent; payment of salaries and other expenses of subsidiary by the parent; failure of subsidiary to maintain formalities of separate corporate existence; similarity of logo; and plaintiff's lack of knowledge of subsidiary's separate corporate existence." *Id.* "Isolated occurrences of some of these factors are not enough to establish an alter ego liability." *Morgan v.*

*Freightliner of Ariz. LLC*, No. CV-16-00498-TUC-CKJ, 2018 WL 3957745, at *4 (D. Ariz. Aug. 17, 2018). "To be held responsible for actions of its subsidiary, the parent must actually exercise this control so that the subsidiary becomes 'a mere instrumentality.'" *Taeger v. Catholic Family & Cmty. Servs.*, 995 P.2d 721, 733–34 (Ariz. Ct. App. 1999) (quoting *Oldenburger v. Del E. Webb Dev. Co.*, 765 P.2d 531, 536 (Ariz. Ct. App. 1988)). "[C]onclusory allegations of alter ego status are insufficient to state a claim because a plaintiff must allege specifically the facts and elements of an alter ego claim." *Morgan*, 2018 WL 3957745, at *4 (citation and internal quotations omitted).

### B. Analysis

Defendant argues that the Court lacks both general and specific personal jurisdiction over WFMI. (Mot. at 2–3). Defendant has presented evidence, through the Declaration of Timothy Michael Horn, a Litigation Paralegal for WFM Services, which is the administrative arms of the Whole Foods Market family of companies. (Doc. 17-1 at 7–9). In his declaration, Mr. Horn attests that WFMI is a "holding company that own shares of other operating companies, which in turn own and operate the individual Whole Foods Market stores." *(Id.)*. WFMI "does not own or operate any store in Arizona or any other state"; is domiciled in Texas; does not, nor is qualified, to transact business in Arizona; has no employees, office space, bank accounts or telephone numbers in Arizona; plays no role in distributing, selling or marketing products in Arizona; and does not set policies for advertising, marketing, selling, or distributing products in any state. (*Id.*).

In opposition, Plaintiff does not directly attack the personal jurisdiction argument, but rather acknowledges that Mrs. Gooch's is a subsidiary of WFMI and claims that Mrs. Gooch's is an "alter ego" of WFMI. (Resp. at 1–2). Plaintiff alleges that Mrs. Gooch's address is the same as Whole Foods' address; the Store "does not sell all the products from Mrs. Gooch's Natural Food Stores"; and the Store "is exactly like every Whole Foods Plaintiff has visited across the country." (Resp. at 3–4). Plaintiff further alleges that "reasonable customers are unaware that Mrs. Gooch['s] has ownership [or] liability" regarding the Store and that when "any reasonable consumer goes to the brick and mortar

Whole Foods at issue, there are no plaques, signs, notices nor contracts displayed which indicate this Whole Foods is anything but a normal Whole Foods." (*Id.* at 3, 5). Plaintiff also alleges that she called the Store and "asked employees if the store was owned by Mrs. Gooch's Natural Food Markets Inc, and the employee said no and that it[']s owned by Whole Foods," and that "the manager said that Mrs[.] Gooch['s] pays the employees but it is still a Whole Foods Market store." (*Id.* at 4). In support of her theory, Plaintiff points to several pieces of evidence including printouts from www.wholefoodsmarket.com showing the Store appearing in a store location search and noting its "465+ stores"; articles documenting Whole Foods purchase of Mrs. Gooch's; and an excerpt from WFMI's Form 10-K showing 10 stores in Arizona. In response, Defendant states that it "has *no* control over the subject store." (Reply at 3) (emphasis in original).

Even accepting the Plaintiff's allegations as true, as the Court must do at this stage, Plaintiff's allegations are not sufficient to meet the high burden of showing unity of control. *See Vasquez v. Whole Foods Mkt., Inc.*, 302 F. Supp. 3d 36, 51 n.4 (D.D.C. 2018) ("The 10–K, on its own, however, cannot establish, even at the pleadings stage, that WFMI is the alter ego of its subsidiaries."); *Nakanwagi v. Tenet Healthcare Corp.*, No. CV-15-01596-PHX-DGC, 2017 WL 394492, at *3 (D. Ariz. Jan. 30, 2017) (finding allegations of alter ego status insufficient when Plaintiff alleged inter alia that defendant actively advertised the services and employment opportunities of its subsidiary on its website; that defendant was involved in setting the rates at the subsidiary; and that defendant invested money in the information technology infrastructure of its subsidiaries). "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of Cal.*, N.A., 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003). Plaintiff makes no allegations and provides no evidence that Mrs. Gooch's is controlled by WFMI. Plaintiff provides no evidence to suggest that Defendant and Mrs. Gooch's have "fail[ed] to observe their respective corporate formalities." *Ranza*, 793 F.3d at 1074. Furthermore, Plaintiff does not even address how it would "sanction a fraud or promote injustice." *See*

*Gatecliff*, 821 P.2d at 728.

Therefore, the Court finds that Plaintiff has not met her burden to show that this Court has personal jurisdiction over Defendant and Defendant's Motion to Dismiss under Rule 12(b)(2) is granted for lack of personal jurisdiction.

### III. MOTION TO JOIN PARTIES

Plaintiff asks the Court to join Mrs. Gooch's and WFM Services as defendants under Rule 20. (Doc. 23). However, the Court interprets Plaintiff's Motion as a motion to amend the complaint pursuant to Rule 15(a).

Under Rule 15, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks and citation omitted). The Court must consider the following five factors when deciding whether to grant a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the movant has previously amended its complaint. *Id.* The Ninth Circuit has stated that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "However, denial on [the ground of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411 OWW/GSA, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which determines the propriety of a motion to amend by ascertaining the presence of any of [the] factors." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (internal quotation marks and citation omitted).

Plaintiff argues that "the evidence disclosed" shows that Mrs. Gooch's and WFM Services "may have some interest therein" and they are therefore necessary parties "to a full and complete adjudication of this matter." (Doc. 23 at 1). Plaintiff acknowledges that Mrs. Gooch's is a subsidiary of WFMI, (Resp. at 1), and by declaration of Mr. Horn, WFMI asserts that the Store "is owned and operated by Mrs. Gooch's Natural Food Markets, Inc." (Doc. 17-1 at 9). The Court will grant leave to add Mrs. Gooch's as a defendant. Plaintiff also requests to add WFM Services as a defendant. However, Plaintiff does not make any allegations against WFM Services in her Complaint. Furthermore, Plaintiff did not attach an amended complaint to her pleading pursuant to Local Rule 15.1. Plaintiff has not provided any facts to support adding WFM Services as a defendant in this matter. Accordingly, the Court grants Plaintiff leave to amend the Complaint to add Mrs. Gooch's as a defendant but denies the request to amend in regard to adding WFM Services.

Plaintiff has until July 31, 2019, to file a First Amended Complaint in compliance with this order. If Plaintiff decides to file an amended complaint, she is reminded that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits," LRCiv 15.1.

Alternatively, if Plaintiff can and wishes to cure the deficiencies in the Complaint as it pertains to WFM Services, Plaintiff has until July 31, 2019, to file a motion for leave to amend in compliance with Local Rule 15.1. Plaintiff cannot file an amended complaint that includes WFM Services without first filing a motion with a proposed amended complaint.

Accordingly,

**IT IS ORDERED** granting Defendant's Motion to Dismiss for lack of personal jurisdiction (Doc. 17).

**IT IS FURTHER ORDERED** granting in part and denying in part Plaintiff's motion (Doc. 23). The Court grants Plaintiff leave to file a First Amended Complaint in compliance with this order by July 31, 2019. In the alternative, if Plaintiff can and wishes

to cure the deficiencies in the Complaint as it pertains to WFM Services, Plaintiff shall file a motion for leave to amend in compliance with Local Rule 15.1 no later than July 31, 2019.

**IT IS FURTHER ORDERED** denying Plaintiff's request for sanctions.

Dated this 16th day of July, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge